NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIKA MONDRAGON GOMEZ; JUAN PABLO GUTIERREZ MONDRAGON, | No. 16-73532 |
| Petitioners, | Agency Nos. A206-912-005 |
| | A206-912-006 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025**
Pasadena, California

Before: BYBEE, LEE, and DE ALBA, Circuit Judges.

Petitioners Erika Mondragon Gomez ("Mondragon") and her minor son,

Juan Pablo Gutierrez Mondragon (collectively, "Petitioners"), are citizens of

Mexico. They seek review of a Board of Immigration Appeals' ("BIA") decision

affirming an immigration judge's ("IJ") order denying their applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Petitioner also asserts that the IJ incorrectly denied her motion for a continuance. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, this Court may review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). This Court reviews the BIA's factual findings under the highly deferential substantial evidence standard and reviews de novo both purely legal questions and mixed questions of law and fact. *See Mendoza-Pabo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012). Moreover, "the decision to grant or deny a continuance is within the sound discretion of the IJ and will not be overturned except on a showing of clear abuse." *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (citation modified).

1. Substantial evidence supports the finding that Petitioner did not suffer past harm rising to the requisite level of persecution. Notably, property damage such as Petitioner's broken windshield is not enough to demonstrate past

---

[1] Juan Pablo Gutierrez Mondragon seeks asylum as a derivative beneficiary of Mondragon—i.e., he does not seek relief separate from Mondragon's application and is not entitled to assert a derivative claim for withholding of removal or CAT protection. *See Mansilla-Jimenez v. Bondi*, 2025 WL 547374, at *1 n.1 (9th Cir. Feb. 19, 2025). As such, references to Petitioner in the singular are to Mondragon as the lead Petitioner.

persecution. *See, e.g., Ho v. Mukasey*, 292 F. App'x 534, 535 (9th Cir. 2008). Moreover, "[w]e have repeatedly held that threats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism." *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004). Here, the Zeta cartel never directly threatened Petitioners, nor did they physically harm them. Additionally, although "'harms that have befallen a petitioner's family members or close friends' strengthen an applicant's past-persecution claim," the generalized threats of violence the Zeta cartel made to Petitioner's nephew, Christian, and the single incident of violence against Petitioner's sister, Maria, are not enough. *Singh v. Garland*, 57 F.4th 643, 654 (9th Cir. 2023). Last, given Petitioner's lack of knowledge surrounding the details of her nephew Giovanni's alleged kidnapping by the Zeta cartel, this Court cannot say that the scant evidence surrounding this kidnapping bolsters Petitioner's application for asylum.

2. Substantial evidence supports the IJ's conclusion that Petitioner did not establish a well-founded fear of future persecution. Specifically, Petitioner failed to present an objectively reasonable fear of future persecution because at least five members of her family—her parents, her brother, Christian, and Maria— remain unharmed in Mexico. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008) (where "a family member has remained unharmed since [the

3

petitioner] left [their country] is 'substantial evidence' supporting the Board's finding that [the petitioner] lacks a well-founded fear of future persecution"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013); *Lim v. I.N.S.*, 224 F.3d 929, 935 (9th Cir. 2000).

3. Substantial evidence supports the BIA's conclusion that Petitioner failed to establish that she will be singled out for persecution in the future by a group the Mexican government is unable or unwilling to control. Here, the record demonstrates that Petitioner and her family reported Maria's incident to the police who in turn lodged an investigation even though Maria was unable to provide details to help identify her assailants. *See Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013) ("This Court has recognized that unwillingness or inability to control persecutors is not demonstrated simply because the police ultimately were unable to solve a crime or arrest the perpetrators, where the asylum applicant failed to provide the police with sufficiently specific information to permit an investigation or an arrest."). Moreover, Petitioner's cousin was arrested and convicted by the federal police in Mexico for his association with the Zeta cartel, which indicates that the Mexican government is willing to prosecute those involved with that cartel. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

4. Since Petitioner has not met the standard for asylum, she cannot meet the higher burden of demonstrating the clear probability of persecution required for

withholding of removal. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006).

5. Similarly, because Petitioner's alleged past harm does not rise to the level of persecution, "it necessarily falls short of the definition of torture" required by CAT. *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021). Based on the record here, "a reasonable factfinder would not be compelled to find [Petitioner] eligible for CAT protection." *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

6. Finally, the IJ properly exercised its discretion in concluding that Petitioner failed to establish good cause for a continuance of her merits hearing to obtain additional evidence. Notably, Petitioner could not demonstrate that (1) she or her counsel had made any genuine effort to procure this evidence and/or (2) exigent circumstances excused their failure to acquire this evidence in advance of the merits hearing. The IJ also reasonably concluded that the evidence in question was not important as it would likely be used to corroborate Petitioner's testimony and her credibility was not at issue.

**PETITION DENIED.**[2]

---

[2] This Court does not address arguments presented in the parties' briefs that the BIA declined to consider because it did not need to do so. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).